J. C. STURTEVANT v. LOUIS SARBACH, *Assignee.*
**No. 9748.**

1. ASSIGNMENT FOR BENEFIT OF CREDITORS — *contemporaneous mortgage and preferences are void, and do not affect assignment nor pro rata distribution.* Mortgages made and preferences attempted by an assignor in connection with and as a part of a general assignment for the benefit of his creditors, are invalid, but they will not necessarily destroy the validity of the deed of assignment nor affect the *pro rata* distribution of the assigned estate among the creditors.

2. ———— *mortgagee's good faith and lack of knowledge that assignment contemplated, immaterial in such case.* When the assignment and mortgage constitute a continuous and single transaction, the fact that the mortgagee may have acted in good faith and without knowledge that an assignment was in contemplation will not validate the mortgage nor exclude the property from the operation of the assignment.

Error from Jackson District Court.   Hon. Louis A. Myers, Judge.   Opinion filed July 10, 1897.   *Affirmed.*

*J. H. Lowell* and *Hayden & Hayden*, for plaintiff in error.

*L. B. Kellogg* and *L. T. Price*, for defendant in error.

JOHNSTON, J.   This was an appeal from the decision of an assignee disallowing what was called a preferred claim.   On December 27, 1890, W. B. Gleason, a merchant in the city of. Holton, made an assignment for the benefit of his creditors.   After a permanent assignee had been chosen, J. C. Sturtevant presented for allowance a claim of about ten thousand dollars, which was evidenced by a promissory note and purported to be secured by a chattel mortgage upon the entire stock of goods which had been .assigned and was then in the possession of the assignee.   Sturtevant asked that the claim be declared a first and preferred lien upon the goods, subject only to certain

chattel-mortgage liens, of equal priority, held by three other creditors with whom Sturtevant had been connected. The claim was resisted by the general creditors and the assignee upon the grounds that the claim was not a *bona fide* one and that the note and mortgage were given to hinder and delay other creditors. The claim of preference was resisted on the ground that the mortgages and deed of assignment were substantially executed at the same time, and constituted parts of a single transaction, and that therefore the mortgages were invalid.

The trial of the appeal in the District Court resulted in a verdict in favor of Sturtevant, allowing him $11,122.57, the balance due on his promissory note. Special findings were made by the jury, to the effect that the note and chattel mortgage to Sturtevant, given with the other chattel mortgages to the creditors named, were all executed on the same day and as part of the assignor's general plan to surrender his property to his creditors. There was also a finding to the effect that when Sturtevant took his chattel mortgage he knew that Gleason contemplated making an assignment for the benefit of his creditors.

In view of the findings that the general assignment and mortgages were prepared and executed about the same time, and substantially constituted a single transaction, some of the questions discussed by counsel have become immaterial. The claim that the debt of Sturtevant was fictitious has been negatived by the finding of the jury ; and the rulings on that branch of the case require no further attention.

1. Assignment not void because mortgage void. The general assignment for the benefit of creditors is conceded to be valid ; and if the mortgages are a part of the same transaction they are " already condemned." It is well settled that mortgages made and prefences attempted in connection

with, and as a part of, a general assignment, are invalid, and will not affect the *pro rata* distribution of the estate among the creditors in the manner provided by statute. *Watkins Nat'l Bank v. Sands*, 47 Kan. 591; *Brigham v. Jones*, 48 id. 162; *Jones v. Kellogg*, 51 id. 263; *Goodman v. Kendall*, 56 id. 439; *Marshall v. Van DeMark*, 57 id. 304, 46 Pac. Rep. 308.

It was the right and duty of the assignee, who was the representative of all the creditors, to protect the estate against illegal claims or attempted preferences, and to that end it was competent for him to contest the validity of the Sturtevant mortgage. *Chapin v. Jenkins*, 50 Kan. 385; *Walton v. Eby*, 53 id. 257. There is abundant testimony to show that the assignment and mortgages were in contemplation at the same time, that the preparation of all commenced and proceeded together, and that all were executed and completed substantially at the same time. All were filed on the evening of December 27. The mortgages, it is true, were first filed, but some preparation had been made for the assignment as early as December 26, and the making of the assignment and chattel mortgages was simultaneously in progress during most of the twenty-seventh. It appears that an attempt was made to keep from Sturtevant any knowledge of the purpose of Gleason to make an assignment, and it is contended that there is no testimony supporting the finding of the jury that Sturtevant had any knowledge of such purpose. In view of the relationship which existed between Gleason and Sturtevant, and of all the circumstances disclosed by the testimony, it is difficult to come to any other conclusion than that reached by the jury — that Sturtevant had knowledge of the contemplated assignment. If the mortgages and deed of assignment constitute a single transaction, it matters not what Sturtevant's knowledge of Gleason's

purposes may have been. An assignment with a preference is not permissible under any circumstances ; and in such cases mortgages made at the same time, or any other attempted preference, must be treated as a nullity, without regard to the knowledge or good faith of the creditor attempted to be preferred. His ignorance of the purpose of the assignor to make an assignment, or good faith in attempting to secure a preference, does not affect the assignment or change the rule of *pro rata* distribution for which the statute provides. Sturtevant's claim was valid, and, if a preference had been obtained prior to and independent of the assignment, it must have been upheld. It was substantially made at the same time and as a part of the same act, and therefore the mortgages are void and inoperative. The invalidity of the mortgages, however, does not affect the validity of the deed of assignment, and, it being valid, he is placed on a footing with all creditors and may share in the assets with them.

Objection is made to what is termed expert testimony concerning the length of time it would require to write out the schedule of liabilities of the assignor. As it appears from the evidence offered by plaintiff in error that work was begun upon the assignment, and the preparation of a schedule of liabilities commenced, long before the execution of the mortgages, the testimony objected to is unimportant, and no prejudice could have resulted from its admission.

Exception is taken to some of the rulings upon the instructions, but the finding of the jury as to the validity of the deed, and the conclusion we have reached with respect to the main question, render the objections immaterial.

We perceive no error in the record, and therefore the judgment of the District Court will be affirmed.

*2. Assignment with preference void, mortgagee's good faith immaterial.*